WILLIAM S. KING v. CLAIRE J. BENHAM AND ANOTHER.[1]

June 24, 1927.

No. 26,318.

**Lease by agent for longer term than one year was not invalid.**

The owner of an apartment house placed the exclusive management of the property in the hands of an agent, who undertook to pay the expenses of operating the property and pay the owner a fixed monthly income, in consideration of the owner's agreement that the agent should retain the difference between the amounts so to be paid and the total rents collected.  *Held*, that by virtue of the contract the agent had authority to lease one of the apartments for a term of more than one year and take in payment of the rent a conveyance to himself of an equity in a house and lot, and that the lease was not invalid under any of the provisions of the statute of frauds.

Agency, 2 C. J. p. 646 n. 13; p. 647 n. 23.
Frauds, Statute of, 27 C. J. p. 292 n. 59; p. 298 n. 33.

Plaintiff appealed from a judgment of the municipal court of St. Paul, Parks, J.  Affirmed.

*Hubert Harvey,* for appellant.
*William Foulke,* for respondents.

[1]Reported in 214 N. W. 759.

LEES, C.

This is an unlawful detainer action in which the court rendered judgment in favor of .the defendants and in which an appeal was taken from the judgment.

In April, 1925, E. C. Beulke purchased the Umatilla Apartments in St. Paul. F. M. Blacker acted as the agent of the vendor and entered into a contract with Beulke, which provided in effect that Blacker should manage the property, pay interest charges, taxes, bills for fuel, light and water, janitor's wages, and $150 a month to Beulke, and should have all the income of the property over and above the operating charges and the monthly payments to Beulke as compensation for his services.

Blacker managed the property until April, 1926, when the contract was terminated by notice from Beulke.

In September, 1925, Blacker, as lessor, gave a lease of one of the apartments to the defendant Claire J. Benham for a term of 21 months at a rental of $60 a month. Payment of the rent for the full term of the lease was made by the conveyance by Benham to Blacker of an equity in a dwelling house in St. Paul. In June, 1926, at the suit of a mortgagee, plaintiff was appointed receiver of the property and authorized to collect the rents. Benham refused to comply with the receiver's demand for the payment of rent and this action followed.

The court found that Blacker made the lease to Benham for and in behalf of Beulke, delivered possession of the apartment on October 1, 1925, and received payment of the rent for the full term of the lease. This finding is challenged on the ground that the lease was for a term of more than one year from the making thereof and invalid under G. S. 1923, § 8456, and on the ground that the lease was also invalid under the provisions of G. S. 1923, §§ 8459, 8460, requiring the authority of an agent executing a lease for a term of more than one year to be in writing.

Fairly construed, the contract between Beulke and Blacker authorized Blacker to lease the apartments when and as he saw fit. As long as the contract remained in force he had the exclusive

management of the property and the right to receive the rents, free from interference by Beulke. The lease to Benham was in writing, was signed by both parties, and possession of the demised premises was delivered. It satisfied the requirements of § 8456, and the contract between Beulke and Blacker satisfied the requirements of §§ 8459, 8460.

Benham knew that Blacker was not the owner of the property, but that is of no significance, for the contract must be construed as one authorizing Blacker to make leases in his own name.

It is suggested that Benham should have conveyed his property to Beulke instead of Blacker in order to pay the rent, and that in taking the title to the house in his own name Blacker committed a fraud on Beulke. In view of the provisions of the contract between Beulke and Blacker, we see no force in this. If Benham had paid the rent in money, there could be no question about Blacker's right to receive and retain the money, subject of course to his obligation to keep and perform his part of the contract with Beulke. The fact that the rent was paid in property instead of in money does not change the situation from a legal standpoint.

Judgment affirmed.